Ms. Saunders. Good morning, your honors. Diane Saunders for the appellant. And before I begin, I'd like to request two minutes for rebuttal. You may have it. Thank you. Your honors, the appellee Mr. Wadani is bound by the arbitration clause in this case between Dynamics, now known as TF Final Mile, and Selwyn, based on the principles of a stop-all and third-party beneficiary, even though he neither signed nor knew about the clause, apparently. Therefore, the district court's decision should be reversed, and this matter should be compelled to arbitration. Mr. Wadani's arguments regarding the National Labor Relations Act, public policy, and the transportation workers exception... Ms. Saunders, pardon me. Can an individual in this circumstance be stopped by an agreement that he didn't even know about? Yes, your honor, because Mr. Wadani knowingly embraced the benefits of the agreement. So while he may not have actually read the agreement and signed it as a signatory, he knowingly embraced... So the law is going to find third parties to other parties' agreements if that agreement has some type of indirect benefit to that party? Yes, your honor, there's two theories. There's the stop-all theory, which is that the person knowingly embraces the benefits of the agreement and receives benefits, and then if they are an employment relationship between himself and Selwyn. In the complaint, he makes it very clear that even though he believes Dynamics hired him, he actually worked through Selwyn, and he acknowledges that he had an agreement with Selwyn, that Selwyn is the one who paid him, that the deductions that are at issue here were made by Selwyn, and the agreement between Dynamics and Dynamics and Selwyn for contracted services is what Mr. Wadani did. He performed services under the agreement. Back up a minute. You've got a particular arbitration clause at issue here, right? Yes. That arbitration clause doesn't exist in the Selwyn, and their agents acting in their behalf. Claims made by, and their agents acting in their behalf. You haven't got that situation here. Forget all these ancillary theories. You haven't got that situation. There's no argument, no argument that can be made that this is Selwyn or Dynamics. He is adversary to both of them. Your Honor, I would submit that the agreement needs to be read as a whole, and that that language. But how do you explain that sentence? Whoever put that sentence into the agreement, it wasn't Mr. Wadani, so you can't screw it against him. I don't think that the sentence requires that the claims actually be made as an agent. I don't think that's the intent. That's what it says. That the claims have to be made as an agent. It's that claims are made either by the parties themselves, or an agent who When he performed contracted services. No, no, when he made the claims. When he made the claims, no. But in the performance of the contracted services, he certainly is an agent of Selwyn, in terms of his relationship. Pardon me? When he what? When he was performing the contracted services. I thought that Selwyn was arguing vigorously in a different context, that he wasn't an agent at all, that he was an independent contractor. Both Selwyn and Dynamics, in one context, are trying to get as far away from this fellow as they can, and now you're trying to say that Selwyn admits that he was an agent, i.e. Selwyn admits that it is violating the Massachusetts misclassification law. No. Dynamics entered into a contract with Selwyn, and Selwyn, under the agreement, had the ability to either hire people directly as employees, or subcontract. Selwyn's position, I don't know. Selwyn's not a party to this case. No, no, but if he's only a subcontractor, an independent contractor working for Selwyn, then he's not their agent. That's the definition of independent contractor. But the plaintiff's argument in this case is that he was a joint employee of both Selwyn and Dynamics. So the plaintiff's argument is that he was working for both. And the other language in the agreement But he's not bringing a claim in his capacity as an agent for either. He's bringing a claim in his own capacity against them. So under the plain language of the arbitration clause, how could he be bound to it? Again, I think a fair reading of that clause in the context of the full agreement is that the intention of the clause was that it barred any claims. In relation to the performance of the contract in service. Without intent, you should have said it. You didn't. And the equities of this situation are such that you can't conceivably expect the court to read into this contract material that isn't there favorable to your client. Because the equities certainly aren't with your client. Well, your honor, the contract itself specifically covered wage and hour claims, which clearly would not be an issue between Dynamics and Selwyn. It also broadly applied to all controversies arising out of Selwyn's performance of services. As between Selwyn and Dynamics. And it required Selwyn to ensure that its subcontractors or employees complied with the contract. And it required Selwyn to obtain a written agreement to that effect. Exactly. And there's no evidence in the record that there was an agreement, correct? That's correct, your honor. And so doesn't your case fall on that? In other words, if the agreement itself says essentially for the agents or employees or contractors of Selwyn to be bound, it's Selwyn's responsibility to bind them by way of a written agreement, which must be provided to Dynamics at its request. That didn't happen here. And so by the plain terms of the contract, Mr. Widani, he's not obligated to either Dynamics or Selwyn, right? There's no written agreement. Well, your honor, we would disagree with that. Our argument is that that language, even though it didn't actually happen, evinces the party's intent that all subcontractors or employees come within the scope of this agreement. Doesn't it evince the intent because it says that contractor must make enforceable by written agreement between contractor and subcontractor? The parties, Dynamics and Selwyn, contracted with each other that we're going to bind third parties to this by making them sign written contracts. But that didn't happen here. Thank you. Thank you, Your Honor. Good morning. Steve Churchill representing the athlete in this case, Dijamel Widani. A mindful of the court's questions to my sister, and I will rest on the brief unless the court has any questions. Yeah, I have a few questions. Yes, Your Honor. I can understand resting on your brief. But under what conditions would you think she had a winning argument? Suppose Selwyn had, in fact, entered into an agreement. Would that make any difference? Why is she wrong that the agreement looks to the relationship not at the time the claim is brought, but at the time he's working for these entities? And then what do you do with your allegation in paragraph 20 of your complaint? Okay, let me address that one first. So paragraph 20 of the complaint read in context is that he is an employee of Dynamics under any possible theory, including a joint employer theory. That's the only way in which that allegation came up in the complaint. And it was just to anticipate the possibility that Dynamics might argue, no, he wasn't an employee of us. He was an employee of Selwyn and Bertha. That's the only reason that it was in the complaint, and I think that's clear from the complaint as a whole. Absolutely, if he had entered into a contract with Selwyn, then it would depend on what the terms of that contract were, of course. If there were an arbitration provision in there, then it would be our burden to show that this claim falls outside of that arbitration provision. But otherwise, in a situation like this, in addition to the points that Judge Selwyn and Judge Levy made about the terms that they put in their own contract, this is a situation where he had no knowledge of the arbitration agreement, either orally or in any writing. Suppose he did. Would that have made a difference, given he's not a signatory? I think it would depend on the circumstances, Your Honor. And I think that because that's what these cases are about, individual circumstances. The answer of any lawyer to a court of appeals is always it would depend. Well, because it would, Your Honor. I mean, it's hard. If he agreed, if he was acknowledged that there was an arbitration agreement and he proceeded with that understanding and somehow benefited from the agreement, then it would be different. Can I just ask the status of this in the district court? Has the litigation been stayed pending the outcome of this? Over our opposition, yes, Your Honor. It's been stayed. And how long has it been stayed now? I'm making an educated estimate of maybe five or six months. And you all are prepared to go forward if you win this litigation? Yes, Your Honor. Thank you. All right, if there are no other questions, I'll rest on the brief. Thank you, Your Honor. Thank you, Your Honors. I have no rebuttal. Thank you.